UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO BAYKEEPER; SURFRIDER FOUNDATION; AMERICAN CANOE ASSOCIATION; and DIVERS AGAINST POLLUTERS,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>U.S. DEPARTMENT OF DEFENSE; ROBERT M. GATES, in his capacity as Secretary of the U.S. Department of Defense; U.S. NAVY; RAY MABUS, in his capacity as Secretary of the Navy; U.S. MARINE CORPS; JAMES T. CONWAY, in his capacity as Commandant of the U.S. Marine Corps; and COL. NICHOLAS F. MARANO, in his capacity as Commanding Officer of U.S. Marine Corp Base Camp Pendleton,<br><br>                              Defendants. | CASE NO. 02-CV-0499 - IEG (AJB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR ATTORNEY FEES, EXPERT-WITNESS FEES, AND OTHER EXPENSES BY PLAINTIFF "DIVERS AGAINST POLLUTERS"<br><br>[Doc. No. 50] |

On May 6, 2010, the Court granted Defendants' Motion to Terminate Consent Decree in this case and dismissed the case with prejudice. [Doc. No. 45]. At the same time, the Court retained limited jurisdiction to consider the issue of attorney fees and expert-witness fees, should the parties not be able to resolve the question by themselves. [Id.]. Currently before the Court is Plaintiff Divers Against Polluter's Application for Attorney Fees, Expert-Witness Fees, and Other Expenses, filed on July 6, 2010, and seeking recovery of all attorney fees, expert-witness fees, and other litigation expenses

1  incurred in connection with the oversight of Defendants' compliance with the Consent Decree and the
2  opposition to Defendants' motion to terminate. Defendants filed an opposition, and Plaintiff replied.
3  The Court subsequently took the motion under submission pursuant to Civil Local Rule 7.1(d)(1).

Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motion.[1]

## DISCUSSION

The expenses for which Plaintiff seeks recovery can generally be divided into four categories: (1) those incurred in reviewing Defendants' latest compliance report; (2) those incurred in reviewing Defendant's motion to terminate; (3) those incurred in opposing Defendants' motion to terminate; and (4) those incurred in bringing this application. The Court addresses each category in turn.

### I.  Expenses incurred in reviewing Defendants' latest compliance report

First, Plaintiff seeks to recover $3,298.82 incurred in reviewing Defendants' latest semi-annual compliance report.[2] The Clean Water Act, under which the Consent Decree in this case was entered, allows the Court to award costs of litigation (including reasonable attorney and expert witness fees) to any substantially prevailing party. 33 U.S.C. § 1365(d). In entering the Consent Decree in this case, the Court specifically noted that Plaintiffs may seek to recover attorney fees and costs incurred in monitoring Defendants' compliance.[3] Plaintiff indicates, and Defendants do not substantively dispute, that in the past Defendants had agreed that this provision allowed Plaintiffs to recover the expenses incurred in reviewing Defendants' semi-annual compliance reports. See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 560 (1986) (concluding that work done after the consent decree was entered pursuant to the Clean Air Act was compensable). Accordingly, having reviewed Plaintiff's submissions as to their latest review and not finding any

---

[1] The factual and procedural history of this case is well-known to the Court and the parties, and need not be repeated herein.

[2] This amount includes $28.68 for a courier to overnight the compliance materials to the expert, $2,657.64 for the expert review of the documents by Carpenter Environmental Associates, and $612.50 in attorney fees for time spent reviewing the compliance report and the expert's memo.

[3] Section XI.D of the Consent Decree provides: "Nothing in this Consent Decree restricts or otherwise compromises Plaintiffs' right to request reimbursement for attorney fees and costs incurred to monitor and to enforce Defendants' compliance with this Consent Decree. Defendants reserve any and all defenses to such claims."

improprieties in Plaintiff's billing, the Court agrees that Plaintiff is entitled to recover $3,298.82.

**II.     Expenses incurred in reviewing Defendants' motion to terminate**

There is also little dispute that Plaintiff should be able to recover $1,312.50 incurred in reviewing Defendants' motion to terminate the Consent Decree.[4] In their motion to terminate, Defendants asked the Court to terminate the Consent Decree and to dismiss the action with prejudice. However, before the Consent Decree could be terminated, there had to have been compliance or substantial compliance with its relevant provisions over the preceding 12 months. Accordingly, Plaintiffs properly had to spend time to review Defendants' motion to terminate to ensure that there was the requisite level of compliance by Defendants. Thus, finding no improprieties in Plaintiff's billing, the Court agrees that Plaintiff is entitled to recover $1,312.50.

**III.    Expenses incurred in opposing Defendants' motion to terminate**

Defendants, however, vigorously dispute Plaintiff's attempt to recover $2,003.25 incurred in *opposing* Defendants' motion to terminate. According to Defendants, a review of Defendants' motion to terminate should have been sufficient for Plaintiffs to realize that Defendants are entitled to have the Consent Decree terminated and the case dismissed with prejudice, and therefore there was no need to oppose the motion. Plaintiff, on the other hand, argues the opposition to the motion to terminate assisted all Plaintiffs in narrowing the scope of the dispute over the issue of termination, allowed for the Court to retain limited jurisdiction to consider this application for fees, and therefore should be compensable. Plaintiff concedes, however, that there was a mistake in its billing, and therefore now only seeks to recover $1,303.25 for opposing Defendants' motion to terminate.[5]

Having reviewed the parties' arguments, the Court agrees that Plaintiff should be able to recover the expenses incurred in opposing Defendants' motion to terminate. In opposing the motion to terminate, Plaintiffs raised valid concerns over Defendants' remaining non-compliances that, although not sufficient to keep the Consent Decree going, nonetheless could have amounted to

---

[4] This amount includes 0.50 hours spent on initially reviewing and analyzing the termination letter ($175.00 in attorney fees), 1.50 hours spent in meeting with Plaintiffs' expert regarding the termination letter ($525.00), 1.50 hours spent in meeting with a co-Plaintiff to discuss the termination letter ($525.00), and a follow-up phone call to Plaintiffs' expert on the same topic ($87.50).

[5] The mistake involved erroneously billing additional $700.00 for travel to/from and appearance in court on the motion to terminate.

separate violations of the Clean Water Act. Accordingly, Plaintiffs appropriately sought guidance from the Court, fearing that they would never be able to remedy those non-compliances if this case was dismissed with prejudice. Although the Court ultimately rejected this view, the Court agrees that those efforts can properly be viewed as Plaintiffs' monitoring of Defendants' compliance with the Consent Decree. Therefore, the Court agrees that Plaintiff is entitled to recover $1,303.25.

### IV. Expenses incurred in bringing the application for recovery of fees

Finally, Plaintiff seeks recovery of expenses incurred in bringing this fee application. "Time spent completing the fee petition is compensable." Envtl. Prot. Info. Ctr., Inc. v. Pacific Lumber Co., 229 F. Supp. 2d 993, 1007 (N.D. Cal. 2002) (citing Thompson v. Gomez, 45 F.3d 1365 (9th Cir. 1995), and Gates v. Rowland, 39 F.3d 1439 (9th Cir. 1994)). Moreover, recoverable "attorney fees" can properly include reasonable charges for computer-based legal research. See Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258-59 (9th Cir. 2006). Accordingly, the Court agrees that Plaintiff is entitled to recover $1,957.00.[6]

### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff Divers Against Polluters' application for recovery of attorney fees and expert-witness fees, which include: (1) $3,298.82 incurred in reviewing Defendants' latest semi-annual compliance report; (2) $1,312.50 incurred in reviewing Defendants' motion to terminate the Consent Decree; (3) $1,303.25 incurred in opposing Defendants' motion to terminate; and (4) $1,957.00 incurred in bringing this fee application. Plaintiff has also agreed to reduce the amount it is seeking by $1,500 as a showing of good faith. Accordingly, Plaintiff is entitled to recover **$6,371.57** in fees.[7]

**IT IS SO ORDERED.**

**DATED: August 9, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[6] Plaintiff initially asked for $2,482.00, which included $1,050.00 for drafting the initial fee application, $1,050.00 for drafting the reply and attending the hearing, and $382.00 for Westlaw. However, because the parties did not have to appear for a hearing on the motion, the Court subtracted half of the expenses allocated for drafting the reply and attending the hearing ($525.00).

[7] To the extent Defendants seek to challenge this recovery under Federal Rule of Civil Procedure 68, they may now do so by an appropriate motion.